AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>ANTHONY PRESTON, SR.<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>) **3:18 mj 513**<br>)<br>) |

*FILED*
*RICHARD W. NAGEL*
*CLERK OF COURT*
*2018 JUL 13 PM 2:30*
*U.S. DISTRICT COURT*
*SOUTHERN DIST. OHIO*
*WESTERN DIV. DAYTON*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 11, 2018__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) & 924(a)(2) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO Jason E. Rhodes, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7-13-18

_____
*Judge's signature*

City and state: Dayton, Ohio
Sharon L. Ovington, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Jason E. Rhodes, a Task Force Officer for the Federal Bureau of Investigation ("FBI") being duly sworn, deposes as follows:

## INTRODUCTION

1. I am a Task Force Officer with the United States Federal Bureau of Investigation ("FBI") within the meaning of Title 21, United Stated Code ("U.S.C."), Section 878, that is, an officer of the United States who is empowered by law to conduct criminal investigations of and to make arrests for offenses as detailed in 21 U.S.C. § 878.

2. I have been employed in law enforcement since 2007. I currently serve as an officer with the Dayton Police Department ("DPD"). Since June 2016, I have been assigned to the Community Initiative to Reduce Gun Violence "CIRGV" Task Force, and in November 2017, I became a Task Force Officer ("TFO") with the FBI Safe Streets Task Force. Since 2013, I have been dedicated to the investigation of narcotics, firearms and gang offenses. I have been involved in firearm-related arrests, executed search warrants that resulted in the seizure of narcotics and firearms, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance resulting in narcotics purchases.

3. This affidavit is made in support of an application for a federal arrest warrant and complaint against **Anthony Preston Sr. ("PRESTON")** for the following offense:

    a. Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

4. The facts in this affidavit are submitted for the purpose of establishing probable cause, and do not include every fact known in the investigation.

## FACTS

5. On July 11, 2018, at approximately 2:40 p.m. DPD Officers Randy Betsinger and Joshua Bowling were on patrol in a marked Dayton Police cruiser. The offices were driving by 2407 West Riverview Avenue, which has been the source of numerous drug complaints, when they observed a black Chrysler 300 with Ohio license plate HFE1970 backed into the rear alley on the west side of the detached garage to the residence. The officers ran the license plate through their in-car computer and located a field interview card that noted the owner of the vehicle, Robin Casey, allowed her son Antonio Casey to drive her vehicles. Antonio Casey was wanted for questioning by DPD detectives on an unrelated matter and had an outstanding warrant for a parole violation.

6. The officers parked their cruiser in a location at which they could observe the Chrysler to see if Antonio Casey would get into the vehicle. The officers also observed a tan Kia Optima parked directly by 2407 West Riverview. The car had an Ohio license plate, GXB5399, which expired on June 26 2018. A black male, later identified as **PRESTON**,

1

walked from the rear of the house and got into the driver seat of the Kia. **PRESTON** then placed the car in reverse and exited the parking spot, and started to drive towards Vernon Drive before spotting the police cruiser and immediately pulling back into the original parking spot. As the officers were noting the actions of the Kia they observed the other vehicle, the Chrysler, traveling directly toward them. The officers blocked the path of the Chrysler, which was able to reverse, turn around, and flee in the alley the opposite direction. Pursuant to DPD policy, the officers were not able to pursue the Chrysler. Redirecting their attention to the Kia, Officer Bowling exited the cruiser and observed **PRESTON** fleeing on foot to the south on the east side of the house at 2407 W. Riverview. Officer Betsinger continued the foot pursuit of **PRESTON** and was able to place him in handcuffs a few houses away. After placing **PRESTON** in the cruiser, the officers walked the path he fled on foot and located the keys to the Kia in the front yard of 2407 West Riverview.

8. The officers learned that **PRESTON** did not have a valid driver license. An inventory search of the Kia prior to towing was conducted pursuant to DPD policy. Officer Bowling located a firearm and clear plastic bag with a brown powder substance on top of it. The butt of the handgun was sticking out from under the front passenger seat near the center console. This area is well within reach of anyone sitting in the driver seat of the vehicle. The handgun was found to be a Glock model 19 with 13 live 9mm rounds in the magazine which was seated in the handgun. The serial number to the Glock was BHT221.

9. Your Affiant interviewed **PRESTON** on scene in the backseat of the cruiser. **PRESTON** said he understood his rights and agreed to speak with me. **PRESTON** denied any knowledge of the handgun and denied being in the Kia.

10. Based on my training and experience, I know that Glock firearms are not manufactured in the state of Ohio. As such, I conclude that the firearm referenced above previously moved in interstate and/or foreign commerce to reach **PRESTON** in this state.

11. I conducted a criminal history records check for **PRESTON** and determined that **PRESTON** has been previously convicted of the following felony, which was punishable by a term of imprisonment exceeding one year:

    a. on or about September 21, 2005, in the Court of Common Pleas, Montgomery County, Ohio, Case Number 2005CR02912, of Trafficking in Cocaine (F3), in violation of the Ohio Revised Code.

//

//

12. Based on the above information, I believe that probable cause exists to conclude that on or about July 11, 2018, while in the Southern District of Ohio, **PRESTON** knowingly possessed, in and affecting interstate commerce, a firearm. Such possession occurring after **PRESTON** had been convicted of a felony punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

_____
Jason E. Rhodes, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me this 13th day of July, 2018.

_____
SHARON L. OVINGTON
UNITED STATES MAGISTRATE JUDGE