IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  :
    Plaintiff,
    v.  :    Case No. 3:18-cr-185
ANTHONY PRESTON, SR.,      JUDGE WALTER H. RICE
    Defendant.  :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO SUPPRESS (DOC. #22) AND SUPPLEMENTAL MOTION TO SUPPRESS (DOC. #31)

---

Defendant Anthony A. Preston, Sr., was indicted on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2), and of possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C). Doc. #19.

Preston filed a Motion to Suppress, Doc. #22. An evidentiary hearing was held on May 1, 2019. Thereafter, Preston filed a Supplemental Motion to Suppress, Doc. #31, and the Government filed a Response in Opposition, Doc. #33. During a conference call held on October 24, 2019, the Court orally

overruled Preston's motions.[1] This Decision and Entry explains the Court's reasoning for overruling those motions.

I.

On or about July 11, 2018, Dayton police officers Josh Bowling and Randy Betsinger observed an unoccupied black Chrysler 300 parked next to a garage behind a known drug house on Riverview Avenue, in a "high-crime drug area." The car was facing the alley. A LEADS search of the license plate number showed that the vehicle was associated with Antonio Casey, who had outstanding arrest warrants and was wanted for questioning in connection with a recent shooting. The officers drove around the block and positioned themselves so that they could set up surveillance on the Chrysler 300. Doc. #28, PageID##76-80, 82, 119, 145, 148, 168.

As the officers drove back around, they discovered that a silver Kia was now also parked behind the house. Anthony Preston exited the house, got into the Kia and started driving down the alley. However, when he saw the officers, he put the Kia in reverse and pulled back into his original parking spot. The officers drove down the alley toward the Kia, and Officer Betsinger noticed that the license tag was expired. *Id.* at PageID##83-85, 148-49. At this point, the Chrysler 300 began to pull out into the alley. The officers pulled the cruiser in front of it and

---

[1] Preston subsequently entered into a Plea Agreement on a Superseding Information. Doc. #39. He is awaiting sentencing.

2

were able to see Antonio Casey in the driver's seat. As they exited the patrol car, Casey quickly put his vehicle in reverse, pulled forward and sped down the alley. Department policy prohibited the officers from chasing him. *Id.* at PageID##86-89, 150.

The officers then turned their attention back to the Kia. They observed Preston running toward the front yard of the house. They yelled at him to stop but he kept running. Officer Betsinger pursued him on foot and apprehended him. When Officer Betsinger searched Preston, he found over $1000 in cash in Preston's pockets. *Id.* at PageID##90-92, 151-53.

Officer Bowling returned to the Kia, which was locked. Officer Betsinger found the keys in the front yard. It was then discovered that Preston was driving with a suspended driver's license. Pursuant to department policy, the Kia was searched before it was towed. *Id.* at PageID##29, 89, 95-96. The officers discovered a loaded gun and a clear baggie containing suspected narcotics under the passenger seat. *Id.* at PageID##98-100, 113, 159-60. Preston was arrested for obstruction of official business, improper handling of a firearm in a motor vehicle, carrying a concealed weapon and possession of drugs. He was also given a ticket because the license tags on the Kia were expired.

II.

Preston maintains that the officers' conduct violated his Fourth Amendment rights because they had no probable cause or reasonable articulable suspicion to

3

stop him, to arrest him, or to search him or the vehicle he was driving. He therefore maintains that all evidence obtained as a result of that illegal search and seizure must be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

The Court rejects these arguments. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). "Reasonable suspicion" exists when an officer can point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). An officer may also "stop a car when he has probable cause to believe that a civil traffic violation has occurred, or reasonable suspicion of an ongoing crime." *United States v. Jackson*, 682 F.3d 448, 453 (6th Cir. 2012). "Probable cause" exists when "there is a fair probability that the individual to be arrested has either committed or intends to commit a crime." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002) (internal quotation omitted).

Here, the officers had both probable cause and reasonable suspicion to stop Preston. They observed Preston driving the Kia in the alley and discovered that the car had expired license tags. It could reasonably be inferred from the circumstances that, immediately before this, Preston had also operated the vehicle on the surrounding public streets. They therefore had probable cause to believe

4

that he had violated Ohio Revised Code § 4503.21(A)(1), which prohibits the operator of a motor vehicle from failing to display a proper validation sticker.

In addition, the officers had reasonable suspicion that criminal activity was afoot. Preston had parked the Kia behind a known drug house for just a short period of time, consistent with a quick drug transaction. Moreover, he was present at the same time as Antonio Casey, who was wanted for questioning in connection with a shooting. Preston behaved in a suspicious manner. He started to drive away from the house but when he spotted the officers, he put the car in reverse and returned to the same parking spot, suggesting that he was spooked by the presence of the officers. Preston then exited the car and started running, apparently wanting to distance himself from the Kia and its contents.

The officers had probable cause to arrest Preston after he failed to comply with their command to stop. *See Williams v. United States*, 632 F. App'x 816, 823 (6th Cir. 2015) (holding that "if officers have reasonable suspicion of criminal activity, and the suspect flees when the officers attempt to stop him, the officers' reasonable suspicion ripens into probable cause."). At this point, they had probable cause to arrest him for obstruction of official business, a violation of Ohio Revised Code § 2921.31(A).

As the Government notes, the search of Preston's person was a legitimate search incident to the arrest, requiring no additional justification. *United States v. Robinson*, 414 U.S. 218, 235 (1973). The vehicle search was an appropriate inventory search prior to towing, given that it was conducted pursuant to

5

standardized procedures. *United States v. Tackett*, 486 F.3d 230, 232 (6th Cir. 2007). It would have also been justified under the automobile exception to the warrant requirement, given that, at that point, the officers had probable cause to believe that evidence of drug trafficking activity would be found in the vehicle. *Arizona v. Gant*, 556 U.S. 332, 351 (2009).

III.

Having reviewed the Court's record, including the transcripts of the oral and evidentiary hearing on Defendant's Motion to Suppress, and the parties' briefs, the Court concludes that neither the investigatory stop, the arrest, nor the searches of Preston or the Kia violated Preston's Fourth Amendment right to be free of unreasonable searches and seizures. Accordingly, the Court OVERRULES Defendant's Motion to Suppress, Doc. #22, and Supplemental Motion to Suppress, Doc. #31.

Date: March 12, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE